Torrance L. Coburn
TIPP COBURN & ASSOCIATES PC
2200 Brooks Street
P.O. Box 3778
Missoula, MT  59806-3778
Telephone: (406) 549-5186
torrance@tcsattorneys.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| FABIOLA ROUGH, | Cause No. _____ |
|---|---|
| Plaintiff, | |
| vs. | COMPLAINT and DEMAND FOR JURY TRIAL |
| GLAXOSMITHKLINE, LLC, | |
| Defendant. | |

COMES NOW the Plaintiff, Fabiola Rough ("Rough"), and for her Complaint against the Defendant, states and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 et seq.).  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the claims arise under the laws of the United States.

2. Venue is proper pursuant to 28 U.S.C. § 1391, as the acts and/or omissions giving rise to the claims occurred in Ravalli County, Montana.

## PARTIES

3. The Plaintiff, Fabiola Rough ("Rough"), is currently a resident of the State of Washington. At the time of the discriminatory conduct described below, the Plaintiff was a resident of the State of Montana, Ravalli County.

4. The Defendant, GlaxoSmithKline, LLC ("GSK"), is a Delaware limited liability company, with its principal office located at 5 Crescent Drive, Philadelphia, Pennsylvania 19112. GSK has been and continues to do business in Montana and is authorized to do business in Montana. The registered agent for GSK is Corporation Service Company, located at 26 W. Sixth Avenue, Helena, MT 59624-1691.

5. GSK operates a facility in Hamilton, Montana.

6. At all times pertinent to this Complaint, the Defendant employed fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.

## GENERAL ALLEGATIONS

7. Beginning on or around June 10, 2013, Rough became employed fulltime by GSK. During the times pertinent to this Complaint, Rough was employed by the Defendant as a Manufacturing Technician II.

8. During the course of her employment with the Defendant, Rough performed the duties of her employment in a reasonable and satisfactory manner.

9. During the course of her employment with the Defendant, Rough began suffering from anxiety and post-traumatic stress disorder, which continued throughout her continued employment with the Defendant.

10. Rough has a disability as defined by the ADA, in that she has a "physical or mental impairment that substantially limits one or more of a person's major life activities."

11. Rough was a "qualified individual" as defined by the ADA.

12. As a result of Rough's disability, she was required to take medical leave from her position.

13. Rough requested reasonable accommodations from the Defendant, including reassignment to a vacant position, so that she could return to work.

14. Despite Rough's disability and requests for accommodations, the Defendant refused to adequately and properly accommodate Rough. Moreover, the Defendant refused to engage in the interactive process required by the ADA.

15. As a result of the Defendant's refusal to make reasonable accommodations for Rough that would have allowed her to return to work despite her disability, as well as the Defendant's failure to engage in the required interactive process in order to identify potential reasonable accommodations that

would have allowed Rough to return to work, Rough was forced to resign from her employment with the Defendant on September 30, 2019.

16. Rough's forced resignation constitutes a constructive discharge based upon her disability.

17. At the time of Rough's constructive discharge by the Defendant, Rough's hourly rate of pay was $18.30. Rough also received several fringe benefits during her employment with the Defendant.

18. Rough timely filed her complaint alleging discrimination with the EEOC.

19. The EEOC issued its Notice of Suit Rights regarding the Plaintiff's *Complaint of Discrimination* on February 5, 2021.

20. The Plaintiff's Complaint has been timely filed with this Court.

## COUNT ONE – FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

21. Plaintiff Rough realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

22. By refusing to engage in the interactive process required by the ADA and failing to provide reasonable accommodations to Rough, the Defendant engaged in illegal discrimination in violation of the Americans with Disabilities Act.

23. Rough has suffered damages as a result of the Defendant's illegal discrimination, and is entitled to recovery for those damages, including but not limited to damages for economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

24. Upon information and belief, the Defendant's above-described violation of the ADA was intentional and was done with malice and/or reckless indifference to Rough's rights and the injuries she suffered as a result. Therefore, the Defendant is liable to Rough for punitive damages.

**COUNT TWO – DISCRIMINATORY TERMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

25. Plaintiff Rough realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

26. By refusing to engage in the interactive process required by the ADA in order to identify a reasonable accommodation that would have allowed Rough to return to work and instead constructively discharging Rough because of her disability, the Defendant engaged in illegal discrimination in violation of the Americans with Disabilities Act.

27. Rough has suffered damages as a result of the Defendant's illegal discrimination, and is entitled to recovery for those damages, including but not

limited to damages for economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

28.  As a result of the Defendant's discrimination against the Plaintiff because of her sex, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

29.  Upon information and belief, the Defendant's above-described violation of the ADA was intentional and was done with malice and/or reckless indifference to Rough's rights and the injuries she suffered as a result.  Therefore, the Defendant is liable to Rough for punitive damages.

WHEREFORE, Plaintiff requests that this Court:

A. Issue judgment declaring that the Defendant's acts, policies, practices and procedures complained of above violated the Plaintiff's rights secured under both the Americans with Disabilities Act;

B. Order the Defendant to make the Plaintiff whole by providing appropriate back pay and reimbursement for lost pension, Social Security, Unemployment Compensation, experience, training opportunities, and other benefits in an amount to be shown at trial, and other affirmative relief including, but not limited to, front pay, reinstatement or reconsideration by the Defendant for employment opportunity;

C. Order the Defendant to compensate the Plaintiff for all actual, consequential, compensatory, general and special damages he has suffered as a result of the Defendant's actions as alleged above;

D. For punitive damages, in an amount to be set by the jury, for the Defendant's actions as alleged above, which were committed with actual malice and/or reckless indifference to Rough's rights and the injuries that she suffered;

E. For Plaintiff's costs and attorneys' fees incurred herein;

F. For such and other relief as may be determined just and equitable by this Court and in compliance with the laws of the United States of America and the State of Montana.

DATED this 6th day of May, 2021.

TIPP COBURN & ASSOCIATES PC

By: */s/ Torrance L. Coburn*
Torrance L. Coburn
P.O. Box 3778
Missoula, MT 59806-3778
*Attorneys for Plaintiff*

//

//

//

//

//

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, by and through her attorneys, and demands a jury trial on all issues of fact in the above case.

DATED this 6th day of May, 2021.

        TIPP COBURN & ASSOCIATES PC

        By: */s/ Torrance L. Coburn*
        Torrance L. Coburn
        P.O. Box 3778
        Missoula, MT 59806-3778
        *Attorneys for Plaintiff*